IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | |
|---|---|
| TRACEY WILEY, | CASE NO. 1:20-CV-00922 |
| Plaintiff, | JUDGE |
| vs. | **ANSWER ON BEHALF OF DEFENDANT DOLLAR TREE STORES, INC. TO PLAINTIFF'S COMPLAINT** |
| DOLLAR TREE STORES, INC., et al. | |
| Defendants. | **(JURY DEMAND ENDORSED HEREON)** |

Now comes Defendant, Dollar Tree Stores, Inc. (hereinafter "Defendant" or "Dollar Tree"), by and through counsel, and for its Answer to Plaintiff's Complaint, states as follows:

1. Defendant Dollar Tree Stores, Inc. ("Dollar Tree") is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies same.

2. Dollar Tree admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Dollar Tree is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore denies same.

**ANSWER TO COUNT ONE**

4. With respect to the allegations contained in Paragraphs 1 through 3 of Plaintiff's Complaint, Dollar Tree reavers each and every response, defense and/or denial previously set forth in its answer herein and incorporates the same as if fully rewritten herein.

5. Dollar Tree admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Dollar Tree is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies same.

7. Dollar Tree denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Dollar Tree denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Dollar Tree denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Dollar Tree denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Dollar Tree denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Dollar Tree denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Dollar Tree denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Dollar Tree denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Dollar Tree denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

**ANSWER TO COUNT TWO**

16. With respect to the allegations contained in Paragraphs 1 through 15 of Plaintiff's Complaint, Dollar Tree reavers each and every response, defense and/or denial previously set forth in its answer herein and incorporates the same as if fully rewritten herein.

17. Dollar Tree is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies same.

18. Dollar Tree is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies same.

19. Dollar Tree is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies same.

20. Dollar Tree is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies same.

21. Dollar Tree denies all allegations set forth in Plaintiff's Complaint that it does not expressly admit herein.

**AFFIRMATIVE DEFENSES**

To the extent the evidence establishes the existence of any one or more of the following defenses or affirmative defenses, then Plaintiff is barred, in whole or in part, from obtaining any relief against this Defendant:

1. Plaintiff's claims herein were filed after the applicable statute of limitations.

2. Plaintiff's claim is frivolous, justifying sanctions pursuant to R.C. 2323.51.

3. Failure to state a claim upon which relief may be granted.

4. Failure to join necessary and indispensable parties to this action as required by Rules 17, 19, and 20 of the Federal Rules of Civil Procedure.

5. Plaintiff's comparative negligence.

6. Open and obvious doctrine.

7. Two inch rule and/or the condition was insignificant, trivial or insubstantial.

8. There was no dangerous condition or defect.

9. Lack of actual or constructive notice of a dangerous condition or defect.

10. Plaintiff cannot identify or explain what caused the injury.

11. Primary assumption of the risk.

12. Secondary and/or implied assumption of the risk.

13. Express assumption of the risk.

14. Insufficiency of service of process.

15. Lack of personal jurisdiction.

16. Intervening and/or superseding cause.

17. Failure to mitigate damages.

18. Plaintiff is not the real party in interest to all or a portion of the claimed damages and, therefore, Plaintiff has no legal standing or right to recover.

19. Failure to join necessary and indispensable parties to this action.

20. Doctrines of waiver, res judicata, collateral estoppel, estoppel and/or laches.

21. Dollar Tree asserts its right to the "empty chair" defense pursuant to R.C. 2307.23.

Defendant reserves the right to assert additional affirmative defenses as the result of ongoing discovery.

WHEREFORE, Defendant Dollar Tree Stores, Inc. demands that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs and for such further equitable relief deemed appropriated by this Court.

                                      Respectfully submitted,

                                      */s/ Christopher E. Cotter*
Christopher E. Cotter (0084021)
ccotter@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile: 330.376.4577

Patrick B. Healy (0083756)
Roetzel & Andress, LPA
625 Eden Park Drive, Suite 450
Cincinnati, OH  45202
Telephone: 513.361.0200
Facsimile:  513.361.0335
Email:   phealy@ralaw.com

ATTORNEYS FOR DEFENDANT
DOLLAR TREE STORES, INC.

## JURY DEMAND

Defendant Dollar Tree Stores, Inc. hereby demands a trial by jury.

          */s/ Christopher E. Cotter*
          One of the Attorneys for
          Defendant Dollar Tree Stores, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon the following parties via the Court's electronic filing system this 13th day of November 2020, which sent electronic notice of such filing to the attorneys of record in this case.

Stephanie L. Collins
The Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio  45206
Phone: 513.444.4444
Fax: 513.721.5557
scollins@maislinlaw.com

ATTORNEY FOR PLAINTIFF
TRACEY WILEY

United Healthcare Services Inc.
c/o CT Corporation System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219
DEFENDANT

          */s/ Christopher E. Cotter*
          Attorney for Defendant Dollar Tree Stores, Inc.

15842847_1 134501.0039